IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 40170-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEREMY DOMINIQUE FOIX, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Jeremy Foix appeals the superior court's denial of his motion, pursuant to RCW 9.94A.640, to vacate nine convictions of the crime of violation of a no-contact order. We affirm.

## FACTS

On January 2, 2018, the State charged Jeremy Foix with nine counts of violating a no-contact order. The facts underlying Foix's convictions lack relevance to this appeal. On January 16, 2018, Foix pled guilty to all nine charges. The superior court sentenced Foix to a prison-based Drug Offender Sentencing Alternative (DOSA) that same day. The court also imposed legal financial obligations.

On November 5, 2018, Jeremy Foix filed a motion to modify or correct his sentence and judgment. The court denied the motion on November 18, 2018.

No. 40170-7-III
*State v. Foix*

On August 10, 2023, Jeremy Foix filed a petition for relief from the financial obligations imposed on him as the result of his January 16, 2018, convictions. The superior court held a hearing on the petition on September 5. At the hearing, the court mentioned that Foix was currently "in prison" "in Airway Heights." Report of Proceedings (RP) at 20. The court did not identify the conviction for which Foix was then in prison nor the length of the sentence. Our record also does not contain this information. At the conclusion of the September 5, 2023, hearing, the superior court granted Foix's motion and expunged the legal financial obligations.

PROCEDURE

We come to the motion that gives rise to this appeal. On December 14, 2023, Jeremy Foix filed a motion, pursuant to RCW 9.94A.640, for an order to vacate his nine no-contact-order violation convictions. In a declaration in support of the motion, Foix lists his address, on January 24, 2024, as the Airway Heights Correction Center.

On December 19, 2023, the superior court denied the motion. The denial order read that the court based the denial to vacate on RCW 9.94A.640(2)(d) and (f).

LAW AND ANALYSIS

On appeal, Jeremy Foix argues that the trial court abused its discretion in deciding his motion to vacate because it denied the motion without indicating whether it reviewed the record of his case and without explaining why he did not qualify for the relief he

2

sought.  Under RCW 9.94A.640(1), the controlling statute:

> [e]very offender who has been discharged under RCW 9.94A.637 may apply to the sentencing court for a vacation of the offender's record of conviction.  If the court finds the offender meets the tests prescribed in subsection (2) of this section, the court may clear the record of conviction by: (a) Permitting the offender to withdraw the offender's plea of guilty and to enter a plea of not guilty; or (b) if the offender has been convicted after a plea of not guilty, by the court setting aside the verdict of guilty; and (c) by the court dismissing the information or indictment against the offender.

The parties do not dispute that Jeremy Foix was discharged for his no-contact-order violation convictions under RCW 9.94A.640.  Subsection (2) of the statute provides, in relevant part:

> An offender may not have the record of conviction cleared if:
> . . . .
> (d) The offense is a class C felony and the offender has been convicted of a new crime in this state, another state, or federal court in the five years prior to the application for vacation;
> . . . .
> (f) The offense was a class C felony, other than a class C felony described in RCW 46.61.502(6) or 46.61.504(6), and less than five years have passed since the later of: (i) The applicant's release from community custody; (ii) the applicant's release from full and partial confinement; or (iii) the applicant's sentencing date.

RCW 9.94A.640(2)(d), (f).

The parties do not dispute that Jeremy Foix's January 16, 2018, no-contact-order violation convictions are class C felonies.  Under former RCW 26.50.110(5):

> A violation of a court order issued under this chapter, chapter 7.92, 7.90, 9A.40, 9A.46, 9A.88, 9.94A, 10.99, 26.09, *26.10, 26.26A, 26.26B,

> or 74.34 RCW, a valid foreign protection order as defined in
> RCW 26.52.020, or a valid Canadian domestic violence protection order as
> defined in RCW 26.55.010, is a class C felony if the offender has at least
> two previous convictions for violating the provisions of an order issued
> under this chapter, chapter 7.90, 9A.40, 9A.46, 9A.88, 9.94A, 10.99, 26.09,
> *26.10, 26.26A, 26.26B, or 74.34 RCW, a valid foreign protection order as
> defined in RCW 26.52.020 or a valid Canadian domestic violence
> protection order as defined in RCW 26.55.010.  The previous convictions
> may involve the same victim or other victims specifically protected by the
> orders the offender violated.

Because Foix had at least two prior convictions for violation of a no-contact order, his

January 16 convictions rose to class C felonies.

This court reviews a superior court's decision on a motion to clear a record of

conviction, filed pursuant to RCW 9.94A.640, for an abuse of discretion.  *State v.*

*Hawkins*, 200 Wn.2d 477, 497-502, 519 P.3d 182 (2022).  An abuse of discretion exists if

the court applied the wrong legal standard, based its decision on an erroneous view of the

law, or disregarded and failed to consider the facts.  *State v. Hawkins*, 200 Wn.2d 477,

497-98 (2022).

Jeremy Foix argues that, although the superior court denied his motion on the

basis that he failed to satisfy RCW 9.94A.640(2)(d) and (f), the court abused its

discretion by failing to explain or offer an analysis as to why he did not satisfy these two

subsections of the statute.  With respect to (2)(d), Foix asserts that the court did not

identify the new crime of conviction, the date of this new conviction, the state in which

the conviction occurred, the place within a state where the conviction occurred, whether the conviction was for a federal or state crime, or the sentence received. Regarding (2)(f), Foix contends the court did not indicate what information it relied on in the record to determine he failed to satisfy this subsection of the statute. According to Foix, the court did not cite to a certificate of conviction, his criminal history, or a certificate of discharge, nor did it identify whether he failed to satisfy (i), (ii), or (iii) of (2)(f).

The State highlights that, in denying the motion, the superior court identified two subsections of the statute that Jeremy Foix failed to satisfy — (2)(d) and (f). According to the State, in order for the court to determine that Foix did not satisfy either subsection, the court must have reviewed the record and relied on information therein. The court could not have made findings that Foix had been convicted for a new crime in the five years prior to his motion to vacate if that information was not in the record. The State does not identify the location in the record of this information.

As to subsection (2)(d), the record lacks any information indicating that Jeremy Foix had been "convicted of a new crime in this state, another state, or federal court in the five years prior to the application for vacation." RCW 9.94A.640. Because the record fails to establish a conviction of Foix in the five years leading to the submission of his motion to vacate, we conclude that the trial court erred in determining Foix failed to satisfy (2)(d).

5

We move to RCW 9.94A.640(2)(f). To repeat, this subsection prohibits vacation of the Class C felonies under three circumstances: less than five years have elapsed since the later of (1) the applicant's release from community custody; (2) the applicant's release from full and partial confinement; or (3) the applicant's sentencing date. By the time of the denial of Jeremy Foix's motion to vacate in December 2023, more than five years had passed since his sentencing in January 2018. Nevertheless, the record showed Foix to be in Washington Department of Corrections custody at the time of the motion. Foix's address was then Airway Heights Correction Center. Thus, five years had not passed since release from confinement or community custody. For this reason, we affirm the superior court's denial of the motion to vacate.

## CONCLUSION

We affirm the superior court's denial of Jeremy Foix's motion to vacate his nine convictions based on the RCW 9.94A.640 (2)(f)(i) and (ii).

No. 40170-7-III
*State v. Foix*


A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Fearing, J.

WE CONCUR:

Cooney, J.

Lawrence-Berrey, C.J.